# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 11-520C
(Classified Addendum to Opinion and Order Filed: September 20, 2012)
(Reissued: October 18, 2012)[1]
(Bid Protest)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| AFGHAN AMERICAN ARMY SERVICES CORPORATION, | * * * * |
| Plaintiff, | * * |
| v. | * * |
| THE UNITED STATES, | * * |
| Defendant. | * * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Philip J. Davis, Wiley Rein, LLP, 1766 K Street, N.W., Washington, D.C., 20006, for Plaintiff. Paul F. Khoury, Brian G. Walsh, and William M. Novak, Wiley Rein, LLP, 1776 K Street, N.W., Washington, D.C., 20006, of Counsel.

Stuart F. Delery, Jeanne E. Davidson, Kirk T. Manhardt, and Cameron Cohick, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., 20044, for Defendant. K. Elizabeth Witwer, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., 20044, and Scott N. Flesch and Bernal Rodriguez, U.S. Army Contract and Fiscal Law Division, Washington, D.C., of Counsel.

---

### REDACTED ADDENDUM TO OPINION AND ORDER

---

**WILLIAMS**, Judge.

---

[1] This addendum was issued as a classified addendum to opinion and order on September 20, 2012. A redacted version of that opinion without addendum was published on October 15, 2012. On October 17, 2012, Defendant filed a Notice Regarding Proposed Redactions to Classified Addendum to Opinion and Order, proposing redactions "to remove all classified material" and characterizing its redacted version as "declassified." Plaintiff did not propose any additional redactions. The Court publishes this addendum adopting Defendant's proposed redactions in toto.

This Addendum addresses Plaintiff's allegations of disparate treatment based upon the classified portions of the amended administrative record and has been filed in full with the Classified Information Security Officer.

s/Mary Ellen Coster Williams<br>
**MARY ELLEN COSTER WILLIAMS**<br>
**Judge**

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 11-520C
(Classified Addendum to Opinion and Order Filed: September 20, 2012)
(Reissued: October 18, 2012)
(Bid Protest)

| | |
|---|---|
| ************************************** | Post-award Bid Protest; |
| * | Responsibility Determination; |
| AFGHAN AMERICAN ARMY  * | Disparate Treatment. |
| SERVICES CORPORATION, * | |
| * | |
| Plaintiff, * | |
| * | |
| v. * | |
| * | |
| THE UNITED STATES, * | |
| * | |
| Defendant. * | |
| * | |
| ************************************** | |

Philip J. Davis, Wiley Rein, LLP, 1766 K Street, N.W., Washington, D.C., 20006, for Plaintiff. Paul F. Khoury, Brian G. Walsh, and William M. Novak, Wiley Rein, LLP, 1776 K Street, N.W., Washington, D.C., 20006, of Counsel.

Stuart F. Delery, Jeanne E. Davidson, Kirk T. Manhardt, and Cameron Cohick, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., 20044, for Defendant. K. Elizabeth Witwer, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., 20044, and Scott N. Flesch and Bernal Rodriguez, U.S. Army Contract and Fiscal Law Division, Washington, D.C., of Counsel.

---

**REDACTED ADDENDUM TO OPINION AND ORDER**

---

WILLIAMS, Judge.

## Plaintiff's Allegations of Disparate Treatment Based on the Classified Portion of the Amended AR

Plaintiff contends that the Army engaged in disparate treatment. Specifically, AAA complains that it was deemed nonresponsible even though it had no classified past performance concerns while another offeror, Anham, was determined to be responsible despite its [                    ] under the classified vendor vetting program. However, the Army's application of the classified vendor vetting program did not result in any negative treatment of

AAA. The vendor vetting program was not a factor in AAA's responsibility assessment and cannot be set up to be a legitimate discriminator in Anham's and AAA's responsibility determinations. Based solely upon the classified vetting program, both contractors were eligible for award. As such, AAA has failed to prove disparate or unequal treatment based upon the classified record.

## Findings of Fact[1]

### The Vendor Vetting Program in Afghanistan

Prior to award of the NAT contract, the military implemented a classified "vendor vetting" program designed to ensure the reliability of government contractors in Afghanistan and Iraq. After multiple vettings pursuant to this process, Anham was determined to be eligible for contract award in January, 2012. AAA 105.

The vendor vetting program is implemented by the United States Central Command's Fragmented Order ("FRAGO") 10-330, which mandates the creation of a program to "vet prospective non-US vendors to prevent insurgents, terrorists, criminals, and militias from using contract proceeds to fund their operations" and [

] AAA 143. FRAGO 606-210, issued by the International Security Assistance Force Joint Command ("IJC"), also details procedures for the vendor vetting process. AAA 161-76.

The vetting process outlined in FRAGO 10-330 and FRAGO 606-210 has several steps. First, a non-U.S. vendor registers with the Joint Contingency Contracting System ("JCCS") by submitting data regarding the vendor's location and identification. AAA 165. Second, the contracting officer submits all non-U.S. vendors for vetting by JCCS, a process which takes approximately 14 days. AAA 166.

A military intelligence unit, the IJC Combined Joint Staff for Counter-Intelligence and Human Intelligence Operations ("CJ2X"), [

---

[1] The findings of fact are derived from the classified and unclassified portions of the administrative record. Citations to "AR" are to specified pages in the unclassified portions of the administrative record. Citations to "AAA" are to specified pages in the classified portions of the administrative record.

2

                                                                                              ] A
"rejected" vendor is ineligible to receive contract awards in Afghanistan. AAA 168.

       Even if the "rejected" status is [                                                  ] the
requiring unit may seek an exception through [                         ] AAA 167. [


                                                  ] AAA 167-68. [

                                                                                              ] a
contracting officer may not award contracts to the rejected vendor. AAA 168-69.

       [
                                                                                  ] Vendors
with a "rejected" status are not precluded from bidding on contracts, but may not be awarded
contracts unless [                                                                           ]

**AAA's Responsibility Determination and Classified Information**

       The record does not contain a vendor vetting assessment for AAA. However, on August 17, 2011, Army Contracting Officer Dale Van Dyke issued a Memorandum for Record addressing the impact of classified information upon AAA's responsibility assessment. The Memorandum states, in relevant part:

> During the drafting of the determination and findings of AAA's non-responsibility, it appeared as though classified information would become available that would affect the determination; therefore, [the contracting officer] drafted a reference to classified information. However, prior to signing the determination the Government learned there was no classified past performance information that affected AAA's determination either positively or negatively.

AR 1.[2]

---

[2] AAA's responsibility determination states that the contracting officer considered classified elements in rendering her determination of nonresponsibility, but the Memorandum indicates that these statements were erroneous. AR 1. In addition, a declaration from Army Contracting Officer Salia J. Price, who evaluated AAA for responsibility in August, 2011, confirms the accuracy of the August 17, 2011 Memorandum. See Decl. of Salia J. Price ¶ 13, Sept. 16, 2011 ("I concur with and affirm the accuracy of Mr. Van Dyke's August 17, 2011 memorandum for the record as written. The Determination of Non-Responsibility for AAA did not include any classified information and no classified information was utilized to support it.").

**Anham's Vendor Vetting Assessment and Responsibility Determination**

Anham was initially vetted [

] that rendered Anham eligible for contract award. On June 29, 2011, CJ2X determined that Anham was [

] Between late December, 2011 and January 6, 2012,[3] Anham was re-vetted, and its [

] The CJ2X report states:

[



]

Id.

In his assessment of Anham's "record of integrity and business ethics" pursuant to FAR 9.104-1(d), the contracting officer detailed findings in the supporting intelligence reports attached to Anham's vendor vetting assessment:

A review of the supporting CJ2X intelligence report for Anham indicates the company
[



]

AAA 6.

---

[3] The CJ2X report does not include a date of issue, but supporting reports indicate the approximate time frame for Anham's vetting process.

Anham's responsibility determination also noted that "Anham's status in the JCCS system identified Anham as 'CJ2X Approved' as of 6 Jan 2012." AAA 7. The final determination concluded: "Anham's demonstrated trend of overcoming problematic performance under the HNT contract, and the information supporting Anham's 'ACCEPTED' status in JCCS, substantiate that Anham meets the criteria of FAR 9.104-1 for purposes of being determined a responsible contractor." AAA 10.

## Discussion

Because Anham had a vendor vetting [
                    ] and Anham was nonetheless deemed responsible, AAA contends that it was treated unequally because, even though it had no performance issues that rose to the level of classified concerns, it was deemed nonresponsible.[4]

AAA's disparate treatment argument fails. The classified vendor vetting program had no impact whatsoever on AAA's responsibility determination. See AR 1 ("[T]here was no classified past performance information that affected AAA's [responsibility] determination either positively or negatively."). The vendor vetting program was not a factor in AAA's responsibility assessment and cannot be set up to be a legitimate discriminator in Anham's and AAA's responsibility determinations. The fact that AAA had no classified concerns while Anham had classified concerns which were, in CJ2X's view, sufficiently ameliorated for Anham to be deemed "'CJ2X Approved'" does not demonstrate that AAA was subjected to a more exacting standard in its responsibility determination. AAA 7. Based solely upon the classified vetting program, both contractors were eligible for award. As such, AAA has failed to prove disparate or unequal treatment.[5]

Moreover, the prohibition against unequal treatment of offerors applies in the responsibility context where the offerors have similar past performance issues and one offeror is

---

[4] In support of its disparate treatment claim, Plaintiff has cited the Army's assessment of alleged forged TMRs in AAA's responsibility determination, as compared to its assessment of classified concerns regarding Anham. Because the Court concluded that the contracting officer irrationally considered forged TMRs in AAA's responsibility determination and is remanding AAA's responsibility determination on this basis, the Court does not reach the issue of whether the consideration of forged TMRs also constituted disparate treatment.

[5] AAA comes close to attempting a backdoor challenge to Anham's responsibility evaluation -- a matter which it has not raised as a ground of protest and would lack standing to challenge. AAA consistently attempts to undercut Anham's responsibility designation, citing conclusions that Anham [

                    ] Indeed, AAA argues that Anham [                                              ]
and that the Army's responsibility determination for Anham failed to address [
                    ] Id. at 5-6. Anham's responsibility determination, however, is not before this Court.

5

downgraded but another is not. As discussed in the nonclassified opinion, AAA's record of performance on the HNT contract was different than Anham's with respect to private security arming requirements, ITV utilization, withheld payments, and pilferage. A single additional factor, i.e. that Anham had been evaluated in the classified vendor vetting program and some concerns had surfaced, does not eradicate the differences between the HNT performance of these two offerors and make them similarly situated. AAA's observations on Anham's risk and responsibility determination do nothing to enhance AAA's HNT performance record.

Accordingly, the Court concludes that AAA has failed to demonstrate it was disparately treated based on the classified record.

The parties and the Classified Information Security Officer shall propose redactions to this opinion by **October 19, 2012**.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**